FILED 224
Honorable James C. Kirkpatrick Secretary of State State Capitol Building Jefferson City, Missouri 65101
Dear Mr. Kirkpatrick:
This is in response to your request for an opinion concerning the relationship between Section 350.015, RSMo Supp. 1975, and Chapter 351, RSMo 1969. Your request is as follows:
 "Section 350.015 RSMo 1969, as amended provides in pertinent part: `Corporations not to engage in farming, exceptions — after September 28, 1975, no corporation not already engaged in farming shall engage in farming; nor shall any corporation, directly or indirectly, or otherwise obtain an interest, whether legal, beneficial or otherwise, in any title to agricultural land in this state, provided, however that the restrictions set forth in this section shall not apply to the following. . .' The statute lists ten exceptions.
 "Does this section prohibit the forming of farm corporations subsequent to September 28, 1975, under the provisions of Chapter 351, RSMo?"
Section 350.015 provides as follows:
 "After September 28, 1975, no corporation not already engaged in farming shall engage in farming; nor shall any corporation, directly or indirectly, acquire, or otherwise obtain an interest, whether legal, beneficial or otherwise, in any title to agricultural land in this state, provided, however, that the restrictions set forth in this section shall not apply to the following:
 (1) A bona fide encumbrance taken for purposes of security;
 (2) A family farm corporation or an authorized farm corporation as defined in section 350.010;
 (3) Agricultural land and land capable of being used for farming owned by a corporation as of September 28, 1975 including the normal expansion of such ownership at a rate not to exceed twenty percent, measured in acres, in any five-year period, or agricultural land and land capable of being used for farming which is leased by a corporation in an amount, measured in acres, not to exceed the acreage under lease to such corporation as of September 28, 1975 and the additional acreage for normal expansion at a rate not to exceed twenty percent in any five-year period, and the additional acreage reasonably necessary whether to be owned or leased by a corporation to meet the requirements of pollution control regulations.
 (4) A farm operated wholly for research or experimental purposes, including seed research and experimentation and seed stock production for genetic improvements, provided that any commercial sales from such farm shall be incidental to the research or experimental objectives of the corporation;
 (5) Agricultural land operated by a corporation for the purposes of growing nursery plants, vegetables, grain or fruit used exclusively for brewing or winemaking or distilling purposes and not for resale, for forest cropland or for the production of poultry, poultry products, fish or mushroom farming, production of registered breeding stock for sale to farmers to improve their breeding herds, for the production of raw materials for pharmaceutical manufacture, chemical processing, food additives and related products, and not for resale.
 (6) Agricultural land operated by a corporation for the purposes of alfalfa dehydration exclusively and only as to said lands lying within fifteen miles of a dehydrating plant and provided further said crops raised thereon shall be used only for further processing and not for resale in its original form.
 (7) Any interest, when acquired by an educational, religious, or charitable not for profit or pro forma corporation or association;
 (8) Agricultural land or any interest therein acquired by a corporation other than a family farm corporation or authorized farm corporation, as defined in section 350.010, for immediate or potential use in nonfarming purposes. A corporation may hold such agricultural land in such acreage as may be necessary to its nonfarm business operation; provided, however, that pending the development of agricultural land for nonfarm purposes, such land may not be used for farming except under lease to a family farm unit, a family farm corporation or an authorized farm corporation, or except when controlled through ownership, options, leaseholds, or other agreements by a corporation which has entered into an agreement with the United States of America pursuant to the New Community Act of 1968 (Title IV of the Housing and Urban Development Act of 1968, 42 U.S.C. § 3901-3914) as amended, or a subsidiary or assign of such a corporation; or
 (9) Agricultural lands acquired by a corporation by process of law or voluntary conveyance in the collection of debts, or by any procedure for the enforcement of a lien or claim thereon, whether created by mortgage or otherwise; provided, that any corporation may hold for ten years real estate acquired in payment of a debt, by foreclosure or otherwise, and for such longer period as may be provided by law.
 (10) The provisions of sections 350.010 to 350.030 shall not apply to the raising of hybrid hogs in connection with operations designed to improve the quality, characteristics, profit ability, or market ability of hybrid hogs through selective breeding and genetic improvement where the primary purpose of such livestock raising is to produce hybrid hogs to be used by farmers and livestock raisers for the improvement of the quality of their herds."
You ask whether Section 350.015 prohibits the forming of farm corporations subsequent to September 28, 1975, under the provisions of Chapter 351. Chapter 350 does not deal with the forming of corporations. That chapter does not set out any standards or methods of incorporation. However, Section 351.020
states that:
 "Corporations for profit, except those which are required to be organized, exclusively under other provisions of law, may be organized under this chapter for any lawful purposes." (Emphasis added)
Moreover, it has been established that:
 "Subject to the restrictions of constitutional provisions, the Legislature of this state has plenary power to create corporations and prescribe the business in which they may engage. . . ." Sylvester Watts Smyth Realty Co. v. American Surety Co. of New York, 238 S.W. 494, 497 (Mo. 1921)
The law clearly permits incorporation only for "lawful" purposes. Chapter 350 outlines allowable purposes for corporate farming. Since Section 351.020 allows corporations to be formed only for lawful purposes, any entity which seeks incorporation for any purpose prohibited in Chapter 350 should be denied incorporation. As a result, Section 350.015 prohibits the incorporation of any entity to engage in farming unless that entity meets the exceptions outlined in Section 350.015. Consequently, entities which can come within the exceptions of Section 350.015 should be allowed to incorporate.
We do point out that corporations may be incorporated for any purpose authorized by Section 350.015 and that such corporations are not limited to "family farm corporation" or "authorized farm corporation" as defined by Section 350.010.
Yours very truly,
 JOHN C. DANFORTH Attorney General